UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

EDWARD A. PRATT
4332 West Garfield Avenue
Milwaukee, WI 53208

    Plaintiff,

    v.                                    Case No: 21-CV-1149

WESTERN BUILDING PRODUCTS, INC.
1300 Glenview Place
Milwaukee, WI 53213-2551

    Defendant.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Edward A. Pratt, by his counsel, HEINS EMPLOYMENT LAW PRACTICE LLC, by Attorney Janet L. Heins, as and for a claim against the Defendant, alleges and shows to the court as follows:

### JURISDICTION & VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under the Family & Medical Leave Act ("FMLA"), as amended, 29 U.S.C. § 2601 *et seq.*

2. The events giving rise to Plaintiff's claims occurred within the Eastern District of Wisconsin, and venue is therefore proper in this District pursuant to 28 U.S.C § 1391(b), *inter alia.*

## THE PARTIES

3. The Plaintiff, Edward A. Pratt, is an adult male resident of the State of Wisconsin residing at 4332 West Garfield Avenue, Milwaukee, Wisconsin 53208.

4. The Defendant, Western Building Products, Inc., at all times material herein, was a domestic corporation with a principal office located at 1300 Glenview Place, Milwaukee, Wisconsin 53213-2551.

## THE FACTS

5. Defendant is a covered employer for purposes of the FMLA.

6. At all times material herein, Defendant knew and understood its legal obligations regarding the FMLA as applied to its employees.

7. At all times material herein, Plaintiff was not a "key employee" as that term is defined for the purposes of FMLA leave.

8. At all times material herein, Plaintiff was eligible for and entitled to medical leave from Defendant for his serious health conditions.

9. Plaintiff suffers from a variety of serious health conditions, including hypertension, a heart condition, back problems, rheumatoid arthritis, and various serious injuries over the years he worked for Defendant, including tooth surgery.

10. At all times material herein, Plaintiff performed his job duties in accordance with the reasonable expectations of Defendant until his termination on or about February 14, 2020 for alleged attendance violations.

11. Plaintiff began working for Defendant on or about July 9, 2018, as a production assembler.

12. Plaintiff received positive performance reviews and awards during his employment by Defendant.

13. In March 2019, Defendant approved a $1.00/hour raise for Plaintiff.

14. Plaintiff missed at least 3 days of work due to his serious health conditions for which he was not provided FMLA leave in 2019 by Defendant (July 11, October 9-10).

15. Plaintiff was off work on approved FMLA leave in late 2019 and early 2020, both on continuous leave and on intermittent leave.

16. Despite being on approved FMLA leave, Plaintiff still received disciplinary attendance warnings from Defendant during this time.

17. On or about January 20, 2020, Defendant provided Plaintiff with an FMLA certification form to give to his doctor to request intermittent FMLA leave, with a due date of February 5, 2020.

18. Plaintiff provided the FMLA certification to his primary doctor to complete within a day or two of receiving it from Defendant.

19. Plaintiff told Defendant that he took the FMLA form to his doctor and understood that the doctor's office would be dealing directly with Defendant.

20. On or about January 23, 2020, Defendant presented Plaintiff with a "last chance agreement" to sign, covering some absences that were already approved for FMLA intermittent leave.

21. At this time, Defendant also directed Plaintiff to write a statement indicating how he would improve his attendance.

22. Plaintiff complied with this directive and submitted a handwritten, signed letter to Defendant's Human Resources/Management dated January 24, 2020, stating:

> I, Edward A. Pratt, am writing a corrective action plan. Due to several chronic injuries & health issues that I have accumulated over the years and some more recently, I have been allowed to go home from work earlier, as well as, had to call-in various days when my health/injuries became/become overwhelming and needed some sort of treatment or medication to help me control/manage my wellness, which has [led] to this action plan.
>
> My health and injuries were documented before I was hired by Western, to justify my absences and tardies. I understand if I can't manage/control my chronic injuries and health issues better, Western is willing to terminate my employment.

23. Plaintiff took a week of pre-approved vacation from Friday, February 7 to Friday, February 14, 2020.

24. Before Plaintiff left on vacation, he went to Defendant's HR and his managers to inquire whether they had received the FMLA form back from his doctor yet.

25. When he learned that his doctor had not yet returned his FMLA form to Defendant, Plaintiff talked to managers and supervisors at Defendant about the paperwork pending and they told him words to the effect of "go on vacation and enjoy."

26. On or about February 11, 2020, while Plaintiff was on vacation, he met with his doctor and asked whether his doctor had returned the completed FMLA form to Defendant, but the doctor had not. Plaintiff then arranged for his doctor to complete the form so he could pick it up later that day.

27. Plaintiff picked up the completed FMLA certification form from his doctor on or about February 11, 2020, while he was still on vacation.

28. On or about February 12, 2020, while he was still on preapproved vacation, Plaintiff went to Defendant's front office in the morning and dropped off the completed FMLA certification form at the front desk.

29. The signed medical certification from Plaintiff's doctor indicated that Plaintiff's conditions requiring intermittent FMLA leave began on January 15, 2020, would last approximately

3 months, and would require additional doctor visits during the 3 months.

30. Defendant terminated Plaintiff's employment on or about February 14, 2020, Plaintiff's last day of approved vacation, for alleged excessive absenteeism.

31. Some of the instances of absenteeism forming the basis for Defendant's termination of Plaintiff were covered by approved FMLA leave and by the signed FMLA certification provided to Defendant.

32. At the time of his termination, Plaintiff was eligible for FMLA leave and had not exhausted his leave for that leave year.

33. Defendant notified Plaintiff of his termination in a letter dated February 20, 2020.

**FIRST CLAIM FOR RELIEF – FMLA INTERFERENCE**

34. Plaintiff realleges and incorporates paragraphs 1- 33 of this complaint by reference.

35. Defendant intentionally interfered with Plaintiff's FMLA rights by denying him FMLA leave and terminating his employment during his pending FMLA request, in intentional disregard of his federally protected rights under the Family & Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.*

36. As a result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of loss of wages and other employment benefits, and an equal amount in liquidated damages for Defendant's intentional acts.

**SECOND CLAIM FOR RELIEF — FMLA RETALIATION**

37. Plaintiff incorporates paragraphs 1- 33 of this complaint by reference.

38. Defendant intentionally retaliated against Plaintiff for exercising his rights under the

Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq., by terminating his employment.

39. As a result of Defendant's intentional violation of the FMLA, Plaintiff has suffered damages in the form of loss of wages and other employment benefits and insurance, and an equal amount in liquidated damages for Defendant's intentional unlawful acts.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing appropriate back pay, front pay and/or reinstatement, liquidated damages, pre-judgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

2. Grant to Plaintiff his attorney fees, costs and disbursements as provided by 29 U.S.C. § 2617 and all other applicable statutes and provisions; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

Dated this 30th day of September, 2021.

HEINS EMPLOYMENT LAW PRACTICE LLC
Counsel for the Plaintiff

*s/ Janet L. Heins*        .
Janet L. Heins, WI Bar No. 1000677

HEINS EMPLOYMENT LAW PRACTICE LLC
200 South Executive Drive, Suite 101
Brookfield, WI 53005
(262) 241-8444 voice
e-mail: jheins@heinslawoffice.com